**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNDER SEAL,<br><br>                    Plaintiffs,<br><br>          v.<br><br>UNDER SEAL,<br><br>                    Defendant. | NO.<br><br><br>JURY TRIAL DEMANDED<br><br><br>**FILED IN CAMERA AND UNDER
SEAL PURSUANT TO 31 U.S.C. § 3730** |

**DOCUMENT TO BE KEPT UNDER SEAL**

**DO NOT ENTER ON PACER**

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, the STATES of CALIFORNIA, COLORADO, CONNECTICUT, DELAWARE, FLORIDA, GEORGIA, HAWAII, ILLINOIS, INDIANA, IOWA, LOUISIANA, MARYLAND,  MICHIGAN, MINNESOTA, MONTANA, NEVADA, NEW JERSEY, NEW MEXICO, NEW YORK, NORTH CAROLINA, OKLAHOMA, RHODE ISLAND, TENNESSEE, TEXAS, VERMONT,  WASHINGTON, WISCONSIN, the COMMONWEALTHS OF MASSACHUSETTS and VIRGINIA, and the DISTRICT OF COLUMBIA,  *ex rel.* JOHN DOE,<br><br>Plaintiffs,<br><br>    vs.<br><br>MALLINCKRODT PHARMACEUTICALS INC.,<br><br>Defendant. | Civil Action No.<br><br>JURY TRIAL DEMANDED<br><br><br>**FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730** |

## COMPLAINT FOR VIOLATIONS

## OF THE FEDERAL AND STATE FALSE CLAIMS ACTS

### TABLE OF CONTENTS

INTRODUCTORY STATEMENT ...................................................................................1

JURISDICTION AND VENUE ....................................................................................3

PARTIES ....................................................................................................................4

FEDERAL AND STATE FALSE CLAIMS ACTS .........................................................4

MEDICAID DRUG REBATE PROGRAM ....................................................................8

FACTS AND ALLEGATIONS

    A.  Mallinckrodt Falsely Reports and Underpays Medicaid Rebates...................12

    B.  Mallinckrodt's Misconduct Harms the Federal and State Governments ........15

CLAIMS FOR RELIEF

    Counts One-Three - Federal False Claims Act .........................................16, 17, 18

    Count Four - California False Claims Act ...........................................................19

    Count Five - Colorado Medicaid False Claims Act..............................................20

    Count Six - Connecticut False Claims Act ..........................................................21

    Count Seven - Delaware False Claims and Reporting Act ...................................22

    Count Eight - District of Columbia False Claims Act ..........................................23

    Count Nine - Florida False Claims Act...............................................................24

    Count Ten - Georgia False Medicaid Claims Act.................................................25

    Count Eleven - Hawaii False Claims Act ............................................................26

    Count Twelve - Illinois False Claims Act............................................................27

    Count Thirteen - Indiana Medicaid False Claims and Whistleblower Protection Act…..................................................................................................................28

    Count Fourteen - Iowa False Claims Act.............................................................29

    Count Fifteen - Louisiana Medical Assistance Programs Integrity Law ..............30

    Count Sixteen - Maryland False Health Claims Act.............................................31

Count Seventeen - Massachusetts False Claims Act ...............................................32

Count Eighteen - Michigan Medicaid False Claims Act .......................................33

Count Nineteen - Minnesota False Claims Act......................................................34

Count Twenty - Montana False Claims Act ..........................................................35

Count Twenty-One - Nevada Submission of False Claims to State or Local
Government Act.....................................................................................................36

Count Twenty-Two - New Jersey False Claims Act ..............................................37

Count Twenty-Three - New Mexico Medicaid False Claims Act .........................38

Count Twenty-Four - New York False Claims Act ...............................................39

Count Twenty-Five - North Carolina False Claims Act ........................................40

Count Twenty-Six - Oklahoma Medicaid False Claims Act .................................41

Count Twenty-Seven - Rhode Island False Claims Act ........................................41

Count Twenty-Eight - Tennessee Medicaid False Claims Act..............................42

Count Twenty-Nine - Texas Medicaid Fraud Prevention Act ...............................43

Count Thirty - Vermont False Claims Act............................................................44

Count Thirty-One - Virginia Fraud Against Taxpayers Act..................................45

Count Thirty-Two - Washington State Medicaid Fraud False Claims Act ..........46

Count Thirty-Three - Wisconsin False Claims for Medical Assistance Act ........47

PRAYERS FOR RELIEF ...............................................................................................47

## INTRODUCTORY STATEMENT

1.     This is an action brought by John Doe ("Doe" or "Relator") as a *qui tam* relator on behalf of the United States of America and certain States (the "States" or "*Qui Tam* States") against Mallinckrodt Pharmaceuticals Inc.  ("Mallinckrodt" or "Defendant"), pursuant to the *qui tam* provisions of the Federal False Claims Act, 31 U.S.C. §§ 3729, *et seq.* (the "FCA" or the "Federal FCA"), as amended by the Fraud Enforcement and Recovery Act of 2009 and the Patient Protection and Affordable Care Act of 2010, and the State False Claims Act statutes identified herein ("State *Qui Tam* statutes" or "State FCAs"),  to recover damages, penalties, attorneys' fees and costs, and other relief.

2.     Defendant Mallinckrodt manufactures and sells H.P. Acthar® Gel (repository corticotropin) Injection ("Acthar Gel").  It acquired rights to the drug after purchasing Questcor Pharmaceuticals, Inc. ("Questcor") in August 2014.   Since that time, Mallinckrodt has been and is using the *incorrect* base date Average Manufacturer Price ("base AMP") for Acthar Gel in reporting and paying rebates to the Medicaid Drug Rebate ("MDR") Program. Mallinckrodt has knowingly done so in order to defraud the United States Government and the States and avoid payment of hundreds of millions of dollars in Medicaid rebate payments under the Medicaid Drug Rebate Program.

3.     Defendant's conduct alleged herein violates the Federal and State False Claims Acts.  The Federal False Claims Act ("FCA") was originally enacted during the Civil War to deal with unscrupulous military contractors.  Congress substantially amended the FCA in 1986— and, again, in 2009 and 2010—to enhance the ability of the Government to recover losses sustained as a result of fraud against it. Congress intended that the amendments would create incentives for individuals with knowledge of fraud against the Government to disclose the

information without fear of reprisals or Government inaction, and to encourage the private bar to commit legal resources to prosecuting fraud on the Government's behalf.

4.      The FCA prohibits, *inter alia*: knowingly presenting (or causing to be presented) a false or fraudulent claim for payment or approval; knowingly making or using, or causing to be made or used, a false or fraudulent record or statement material to a false or fraudulent claim; knowingly making, using, or causing to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, and knowingly concealing or knowingly and improperly avoiding or decreasing an obligation to pay or transmit money or property to the Government; and knowingly conspiring to do any of these acts.  31 U.S.C. §§ 3729(a)(1)(A), (B), (C), and (G). Any person who violates the FCA is liable for a civil penalty for each violation, plus three times the amount of the damages sustained by the United States.  31 U.S.C. § 3729(a)(1); Civil Monetary Penalties Inflation Adjustment for 2017, 82 Fed. Reg. 9131, 9133, *available at* https://www.federalregister.gov/documents/2017/02/03/2017-01306/civil-monetary-penalties-inflation-adjustment-for-2017.

5.      The Federal and State FCAs allow any person having information about an FCA violation to bring an action on behalf of the Government, and to share in any recovery.  The FCA requires that the Complaint be filed under seal (without service on the defendant during that time) to allow the Government time to conduct its own investigation and to determine whether to join the suit. The person bringing the action is known under the FCA as the "Relator."

6.      Based on the Federal FCA and comparable provisions of the State FCAs, *qui tam* Plaintiff-Relator seeks, through this action, to recover damages and civil penalties arising from the Defendant's knowing fraud against the United States and the States including through the Medicaid Program.

7.      The allegations set forth in this Complaint have not been publicly disclosed within the meaning of the Federal FCA, as amended, 31 U.S.C. § 3730(e)(4), or analogous provisions of the State FCAs.  In the alternative, if the Court finds that there was a public disclosure of such allegations before the filing of this Complaint, Relator is an "original source" as that term is used in the Federal and State FCAs.  *Id.*

8.      Prior to the filing of this Complaint, Plaintiff-Relator made substantive disclosures to the Government of facts and evidence underlying the allegations in this Complaint.

9.      This action is filed *in camera* and under seal pursuant to the requirements of the Federal and State FCAs.

<u>**JURISDICTION AND VENUE**</u>

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345 and 31 U.S.C. § 3732, which confers jurisdiction over actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.  This Court has original and supplemental jurisdiction over the State law claims pursuant to 31 U.S.C. § 3732(b) and 28 U.S.C. § 1367 because this action is brought under State laws for the recovery of funds paid by the *Qui Tam* States and arises from the same transaction or occurrence as the claims brought on behalf of the United States under 31 U.S.C. § 3730.

11.     This Court has personal jurisdiction over Defendant Mallinckrodt pursuant to 31 U.S.C. § 3732(a) because Defendant resides in, transacts business in and/or has committed acts related to the allegations in this Complaint in the District of Massachusetts.

12.     Venue is proper in this District pursuant to 31 U.S.C. § 3732(a), 28 U.S.C. § 1391, and 28 U.S.C. § 1395(a), because Defendant resides in and/or transacts business in this District by, among other things, selling pharmaceuticals, including  Acthar Gel, directly or

through wholesalers, with the knowledge that those pharmaceuticals will be dispensed to persons covered by the Medicaid and other government health care programs.

## PARTIES

13.     Plaintiffs the United States of America and the *Qui Tam* States are the real parties in interest with respect to the Federal and State False Claims Act *qui tam* claims. Plaintiff-Relator John Doe is pursuing causes of action on behalf of the named Plaintiffs the United States and the States on the FCA *qui tam* claims set forth herein pursuant to the Federal FCA, 31 U.S.C. § 3730(b), and comparable provisions of the State FCAs.

14.     Plaintiff-Relator John Doe is a natural person who is a citizen of the United States. He has knowledge of the drug at issue in this Complaint and the allegations herein. Relator's identity and additional information regarding Relator's knowledge of the allegations herein are being provided to the government pursuant to the Federal and State FCAs.

15.     Defendant Mallinckrodt Pharmaceuticals Inc.  ("Mallinckrodt") is a global specialty pharmaceutical business with its principal places of business in the United States located in Bedminster, New Jersey and the greater St. Louis, Missouri area.  Mallinckrodt develops, manufactures, markets, and distributes/sells pharmaceutical products, including Acthar Gel, the drug at issue in this case.

## FEDERAL AND STATE FALSE CLAIMS ACTS

16.     The Federal FCA creates liability for "any person who," among other things:

a.   "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval."  31 U.S.C. § 3729(a)(1)(A).

    b.   "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim."  31 U.S.C. § 3729(a)(1)(B).

    c.   "conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G)."  31 U.S.C. § 3729(a)(1)(C).

    d.   "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."  31 U.S.C. § 3729(a)(1)(G).

17.    The FCA further provides that any person who violates the FCA "is liable to the United States for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 . . . , plus 3 times the amount of damages which the Government sustains because of the act of that person."  31 U.S.C. § 3729(a)(1).  Pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, the civil monetary penalty was increased in 2017 to a maximum of $21,916 for each violation. 31 U.S.C. § 3729(a)(1); 82 Fed. Reg. 9131, 9133 (Feb. 3, 2017).

18.    The FCA provides that "the terms 'knowing' and 'knowingly' – (A) mean that a person, with respect to information – (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; and (B) require no proof of specific intent to defraud."  31 U.S.C. § 3729(b)(1).  The FCA does not require proof that the defendant specifically intended to commit fraud.  *Id.*  Unless otherwise indicated, whenever the word "know" and similar words

indicating knowledge are used in this Complaint, they mean "knowing" or "knowingly" as defined in the FCA.

19.     The FCA provides that "the term 'claim' – (A) means any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that— (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government— (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded."  31 U.S.C. § 3729(b)(2).

20.     The FCA provides that "the term 'obligation' means an established duty, whether or not fixed, arising from an express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based or similar relationship, from statute or regulation, or from the retention of any overpayment."  31 U.S.C. § 3729(b)(3)  (emphasis added). Moreover, in the health care context, such as Medicare and Medicaid, the term "obligation" is further defined as "Any overpayment retained by a person after the deadline for reporting and returning the overpayment…is an obligation (as defined [in the FCA])", and an overpayment must be reported "By the later of …60 days after the date on which the overpayment was identified…or the date any corresponding cost report is due, if applicable." Patient Protection and Affordable Care Act, March 23, 2010 ("PPACA"), Pub. L. 111-148 (Mar. 23, 2010), Section 6404(a), codified at 42 U.S.C. § 1128J9(d). *See also* 42 U.S.C. § 1320a-7k(d).

21.     The FCA provides that "the term 'material' means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4).

22.     Additionally, many States have passed False Claims Act laws, which in most instances closely track the Federal FCA. The State FCAs apply, *inter alia,* to the state portion of Medicaid losses caused by false or fraudulent Medicaid claims to the jointly federal-state funded Medicaid program and failure to report and return any overpayments therefrom. The Defendant's acts alleged herein also constitute violations of the California False Claims Act, Cal. Govt. Code §§ 12650, *et seq.*; the Colorado Medicaid False Claims Act, Colo. Rev. Stat. 25.5-4-303.5, *et seq.*; the Connecticut False Claims Act, Conn. Gen. Stat. §§ 4-274, *et seq.*; the Delaware False Claims and Reporting Act, Del. Code Ann. Tit. 6, §§ 1201, *et seq.*; the Florida False Claims Act, Fla. Stat. §§ 68.081, *et seq.*; the Georgia Medicaid False Claims Act, Ga. Code. Ann. **§§** 49-4-168, *et seq.*; the Hawaii False Claims Act, Haw. Rev. Stat. §§ 661-21, *et seq.*; the Illinois False Claims Act, 740 Ill. Comp. Stat. §§ 175/1, *et seq.*; the Indiana Medicaid False Claims and Whistleblower Protection Act, Ind. Code §§ 5-11-5.7, *et seq.*; the Iowa False Claims Act, Iowa Code §§ 685.1, *et seq.*; the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Ann. §§ 46:437.1, *et seq.*; the Maryland False Health Claims Act, Md. Code Ann. Health-Gen §§ 2-601, *et seq.*; the Massachusetts False Claims Act, Mass. Ann. Laws Ch. 12 §§ 5A, *et seq.*; the Michigan Medicaid False Claims Act, Stat. Mich. Comp. Laws Serv. §§ 400.601, *et seq.*; the Minnesota False Claims Act, Minn. Stat. §§ 15C.01, *et seq.*; the Montana False Claims Act, Mont. Code Ann. §§ 17-8-401, *et seq.*; the Nevada Submission of False Claims to State and Local Government Act, Nev. Rev. Stat. §§ 357.010, *et seq.*; the New Jersey False Claims Act, N.J. Stat. Ann. §§ 2A:32C-1, *et seq.*; the New Mexico Medicaid False Claims Act, N.M. Stat.

Ann. § § 27-14-1, *et seq*.; the New York False Claims Act, N.Y Fin. Law §§ 187, *et seq*.; the North Carolina False Claims Act, N.C. Gen. Stat. §§ 1-605, *et seq*.; the Oklahoma Medicaid False Claims Act, Okla. Stat. §§ 63-5053 (2007), *et seq*.; the Rhode Island False Claims Act, R.I. Gen. Laws §§ 9-1.1-1, *et seq*.; the Tennessee Medicaid False Claims Act, Tenn. Code Ann. §§ 71-5-181, *et seq*.; the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code §§ 36.001, *et seq*.; the State of Vermont False Claims Act,  32 V.S.A. Chapter 7, Subchapter 8, *et seq*.; the Virginia Fraud Against Taxpayers Act, Va. Code Ann. §§ 8.01-216.1, *et seq*.; the Washington State Medicaid Fraud False Claims Act, Wash. Rev. Code §§ 74.66.005, *et seq*.; the Wisconsin False Claims For Medical Assistance Act, Wis. Stat. Ann. §§ 20.931, *et seq*. (repealed non retroactively effective July 14, 2015);  and the District of Columbia False Claims Act, D.C. Code Ann. §§ 2-381.01, *et seq*. Each of the statutes listed above contains *qui tam* provisions governing, *inter alia*, a relator's right to claim a share of the State's recovery.

## MEDICAID DRUG REBATE PROGRAM

23.     The Medicaid Program, Title XIX of the Social Security Act ("SSA"), 42 U.S.C. §§ 1396, *et seq*. (hereafter "Medicaid"), is a Health Insurance Program administered by the Government of the United States and the various individual States and is funded by State and Federal taxpayer revenue. The Medicaid Program is overseen by the United States Department of Health and Human Services ("HHS") through its Centers for Medicare and Medicaid Services ("CMS"). Medicaid was designed to assist participating states in providing medical services, durable medical equipment, and prescription drugs to financially needy individuals that qualify for Medicaid. Medicaid may serve as the primary insurer, or in some instances as the secondary insurer (*e.g*., with Medicare or private insurance providing primary coverage).

24.     Each State has its own Medicaid program, which is partially funded by the United States Government.  The States and the United States share reimbursement costs. States directly pay providers, and then obtain the federal contribution from accounts drawn on the United States Treasury. 42 C.F.R. §§ 430.0, *et seq*. The Federal government's share is referred to as the Federal Medical Assistance Percentage ("FMAP") or Federal Financial Participation ("FFP") and varies depending upon the per capita income of each State.  https://aspe.hhs.gov/federal-medical-assistance-percentages-or-federal-financial-participation-state-assistance-expenditures. The FMAP consists of a minimum of 50% up to a current (Fiscal Year 2017) maximum of about 75% (the rates for Fiscal Year 2017 are at https://aspe.hhs.gov/basic-report/fy2017-federal-medical-assistance-percentages).

25.     In order to ensure that Medicaid does not pay more for prescription drugs than private payers, Congress enacted the Medicaid Drug Rebate Program, 42 U.S.C. § 1396r–8, effective January 1, 1991. The stated purpose of the Program was to give the State Medicaid Programs the "benefit of the best price for which a manufacturer [sold] a prescription drug to … private purchaser." H.R. Rep. No. 101--881 (1990). At all times relevant to this Complaint, drug manufacturers have been required to participate in the Medicaid Drug Rebate Program in order for their drugs to be covered by Medicaid.  42 U.S.C. § 1396r–8(a)(1).

26.     As part of their participation in the Medicaid Drug Rebate Program, drug manufacturers are obligated to execute a national rebate agreement with the Secretary of HHS. In addition, "drug manufacturers are required to enter into agreements with two other Federal programs in order to have their drugs covered under Medicaid: a [pharmaceutical] pricing agreement ["PPA"] for the Section 340B Drug Pricing Program [https://www.hrsa.gov/opa/index.html; https://www.hrsa.gov/opa/manufacturers/index.html],

administered by the Health Resources and Services Administration, and a master agreement with

the Secretary of Veterans Affairs for the Federal Supply Schedule [https://www.fss.va.gov/]."

https://www.medicaid.gov/medicaid/prescription-drugs/medicaid-drug-rebate-

program/index.html. A sample national drug Rebate Agreement is at

https://www.medicaid.gov/medicaid-chip-program-information/by-topics/prescription-

drugs/downloads/samplerebateagreement.pdf.  *See generally* 42 U.S.C. §1396r-8(a)(1). The

terms of the rebate agreement are set by the statute. 42 U.S.C. §1396r-8(b).

27.      CMS and HHS oversee Medicaid jointly with agencies in each State. Each named

Plaintiff State participates in Medicaid. All "manufacturers" of "covered outpatient drugs" are

required to enter into rebate agreements with each state Medicaid plan and provide information

to CMS concerning their covered drugs.  CMS administers the Medicaid Drug Rebate Program.

28.      The statute defines the term "manufacturer" to mean "any entity engaged in—(A)

the production, preparation, propagation, compounding, conversion, or processing of prescription

drug products, either directly or indirectly by extraction from substances of natural origin, or

independently by means of chemical synthesis, or by a combination of extraction and chemical

synthesis, or (B) in the packaging, repackaging, labeling, relabeling, or distribution of

prescription drug products." 42 U.S.C. § 1396r-8(k)(5).

29.      A "covered outpatient drug" is defined as a drug approved under Section 505 of

the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.   § 355 ("FDCA"). 42 U.S.C. § 1396r-

8(k)(2). Each covered outpatient drug is assigned a unique national drug code ("NDC") number.

The NDC generally is an eleven-digit code consisting of the manufacturer's labeler code, the

drug's product code, and the package code. *See* 42 C.F.R. § 447.502.

30.     All participating manufacturers are obligated to pay specified rebates to the States, determined by a formula set forth in the MDR statute. 42 U.S.C. § 1396r-8(c). Manufacturers are responsible for submitting the correct product classification, along with accurate pricing data, to CMS on a quarterly basis for each dosage form and strength of the product so that CMS and the States can calculate the amount of rebates that are owed by the manufacturer; required data includes Average Manufacturer Price ("AMP") and Best Price. *See generally* 42 U.S.C. § 1396r-8(k)(1) and 41 C.F.R. § 447.504  (definition of AMP); 42 U.S.C. § 1396r-8(c)(1)(C) and 42 C.F.R. § 447.505(a)  (definition of Best Price); 42 U.S.C. § 1396r-8(b)(3) (manufacturer price reporting); Medicaid Rebate Agreement §§ I(a),(d); II(e),(f), sample at https://www.medicaid.gov/medicaid-chip-program-information/by-topics/prescription-drugs/downloads/samplerebateagreement.pdf.   AMP and Best Price are then used to calculate the rebate owed by a manufacturer to the States under the Medicaid Drug Rebate Program. This pricing data is generally submitted by the drug manufacturers through CMS's Drug Data Reporting ("DDR") for Medicaid System.

31.     Manufacturers are obligated to pay rebates on a quarterly basis to States. The amount received by a State Medicaid Program in rebates is considered a reduction in the total amount expended under any given State's plan. Thus, the less the State receives in rebates, the more the Federal government must pay to each State (because the Federal government contributes a set percentage of the total amount each State expends on Medicaid). 42 USC § 1396b(a)(1); 42 USC § 1396r-8(b)(1)(B). *See generally* https://www.medicaid.gov/medicaid/prescription-drugs/medicaid-drug-rebate-program/index.html (these rebates "are shared between the states and the Federal government to offset the overall cost of prescription drugs under the Medicaid Program").

32.     The rebate owed consists of two components: a basic rebate and an additional rebate, each of which is calculated based in part on the AMP of the drug. 42 U.S.C. § 1396r-8(c)(1)-(3). The amount of the rebates owed by a drug manufacturer is based on a statutory formula and varies depending on whether the drug is classified a "single source," an "innovator multiple source," or a "non-innovator" drug. *Id. See also* https://www.medicaid.gov/medicaid/prescription-drugs/medicaid-drug-rebate-program/index.html; https://www.medicaid.gov/medicaid/prescription-drugs/medicaid-drug-rebate-program/unit-rebate-calculation/index.html.

33.     Acthar Gel is a single source drug (and at one time was granted orphan drug status). For single-source (and multiple source innovator drugs): the basic rebate is calculated using AMP and Best Price; while the additional rebate is calculated by subtracting the base AMP from the current quarter AMP. The base AMP is the inflation-adjusted AMP for each dosage form and strength of the drug *when it was first sold* and it is intended to rebate the amount that a manufacturer has increased its drug prices beyond the amount necessary to account for inflation. *See* 42 U.S.C. § 1396r-8(c)(2)(A)-(B); 42 C.F.R. § 447.509(a)(2). Under the statute, there can only be one base AMP for each dosage form and strength of a covered outpatient drug. 42 U.S.C. § 1396r-8(c)(2)(A).

## FACTS AND ALLEGATIONS

### A.     Mallinckrodt Falsely Reports and Underpays Medicaid Rebates

34.     As noted above, Defendant Mallinckrodt manufactures and sells Acthar Gel.  The drug has been on the market since 1952 when it was approved by the United States Food and Drug Administration ("FDA") under the FDCA.  In 1972  the  approved indications for the drug were expanded to include multiple sclerosis and in October 2010 the drug was approved to treat

infantile spasms. Acthar Gel now has over 18 FDA approved indications. The NDC assigned to Acthar Gel is 63004-8710-01.

35.     Mallinckrodt acquired rights to the drug after purchasing Questcor in August 2014.   Questcor had acquired the drug in 2001 at which time the price of the drug was reportedly around $40 per vial.  Questcor dramatically raised the price of Acthar Gel, reportedly to more than about $23,000 per vial in around 2010. At the time Mallinckrodt acquired Questcor in 2014, Acthar Gel reportedly was priced at some $32,000 per vial. Nevertheless, Mallinckrodt reportedly raised the price of Acthar Gel even further, to about $39,000 per vial currently.  In other words, since Questcor acquired the drug in 2001, the price reportedly has increased from about $40 per vial to some $39,000 per vial.

36.     A new Drug Application ("NDA") for approval of the indication for infantile spasms was submitted to the FDA by Questcor in June 2006. When it was approved by the FDA in October 2010, it was treated by the FDA as a new supplement to the original NDA for Acthar Gel, NDA 008372.  Specifically, while the approval bears NDA 022432 on its face, the FDA made it very clear that it was considered a supplement to the original NDA 008372. Under "REPORTING REQUIREMENTS," the FDA's approval specifically states that: "All … submissions relating to the product should be addressed to the original **NDA 008372** for this drug product, not to this NDA [022432]. In the future, do not make submissions to this NDA except for the final printed labeling requested above." NDA 022432 (October 15, 2010), p. 5 (emphasis in original).  Furthermore, the FDA instructed Questcor that any submission containing the REMS assessments or proposed modifications for the drug should reference **NDA 008372/NEW SUPPLEMENT FOR NDA 008372/ NEW SUPPLEMENT (NEW INDICATION FOR USE) FOR NDA 008372**. *Id.* at p. 4 (emphasis in original). Indeed, the

FDA Online Label Repository lists the applicable NDA for Acthar Gel as 008372 (the original NDA).

37.     Prior to acquiring Questcor and Acthar Gel in 2014, Mallinckrodt had entered into an MDR rebate agreement and a PPA with the Secretary of HHS. Mallinckrodt is a "manufacturer" and Acthar Gel is a single source "covered outpatient drug" within the meaning of the MDR Program.  As such, Mallinckrodt is responsible for submitting accurate data concerning Acthar Gel each quarter to CMS.

38.     In particular, under the MDR, Mallinckrodt was required to use and submit to CMS, baseline data for Acthar Gel, including the base AMP, for the NDC that matches the baseline information of the *NDC that was originally used for marketing Acthar under the original NDA*.  *See* Medicaid Drug Rebate Program Notice, Release Nos. 90, 48, 43, 38, and 26.  These releases reflect CMS's longstanding interpretation of the MDR statute and repeatedly explain that the base AMP "MUST follow the NDA of the product." Release No. 26 (emphasis in original).

39.     According to the FDA, that original NDA is 008372 and the NDC associated with it is 63004-8710-01. At all times relevant to this Complaint, Mallinckrodt knew both of these facts.

40.     Despite the fact that the original (and correct) NDC for Acthar Gel is 63004-*8710*-01 (which Mallinckrodt knew), and the applicable NDA for Acthar Gel is 008372 (the original NDA)(which Mallinckrodt also knew), Mallinckrodt nevertheless knowingly has been and continues to submit to CMS baseline data (including base AMP) based upon an incorrect NDC (63004-*7731*-01) for Acthar Gel, thus failing to follow the baseline data of the original NDC when reporting to the MDR program. In other words, Mallinckrodt is using a base AMP

from approximately 2010 or later (which reflects the dramatic price increases) *instead of a base AMP from many years earlier* when the drug was more reasonably priced.

41.      Had Mallinckrodt used and submitted the baseline data, including base AMP, correlated with the correct NDC for Acthar Gel, Mallinckrodt would have owed hundreds of millions of dollars more to the United States and the States in rebates under the MDR since it acquired Questcor in 2014.  By using the incorrect base AMP, Mallinckrodt thwarts the purpose of the additional rebate for single source and multiple source innovator drugs.

42.      For the entire time period covered by this Complaint and through the present, Mallinckrodt has knowingly and intentionally submitted false, inaccurate, fraudulent, and misleading  information, statements, and records to the MDR Program each and every quarter for Acthar Gel, all in order to lower the amount of rebates Mallinckrodt owed and paid to Medicaid, and to thereby increase its profits.

### B.       Mallinckrodt's Misconduct Harms the Federal and State Governments

43.      Mallinckrodt's misconduct has caused several hundred millions of dollars in damages to the United States and the States in the form of rebates that were owed but not paid under the Medicaid Drug Rebate Program since Mallinckrodt acquired the drug Acthar Gel from Questcor in 2014. Its misconduct, and the resulting harm, are continuing.

44.      There are a number of other government health care programs that may also be affected by Mallinckrodt's misconduct, including the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395, *et seq*.; the Civilian Health and Medical Program of the Uniformed Services (now known as "TRICARE"), 10 U.S.C. §§ 1071-1106; CHAMPVA, administered by the United States Department of Veterans Affairs ("VA"); the health care

facilities operated through the Departments of Defense and VA; and the Federal Employee

Health Benefits Program ("FEHBP").[1]

45.     Moreover, the false reporting and underpayment of rebates impacts Acthar Gel

pricing under the 340B Drug Pricing Program which requires drug manufacturers to provide

"covered outpatient drugs" to certain eligible health care centers, clinics, and hospitals known as

"covered entities". *See* 42 U. S. C. § 340B (§ 602 of the Veterans Health Care Act of 1992 (P. L.

102-585) ("340B"). Because the 340B ceiling price is calculated from AMP and Best Price

information provided to CMS by the drug manufacturer,  if there are errors or miscalculations

affecting the Medicaid Drug Rebate Programs, those same errors may well impact 340B prices

offered to "covered entities". As such, Mallinckrodt's misconduct likely has caused 340B

"covered entities" to pay higher prices for Acthar Gel, to the enrichment of Mallinckrodt.

## CLAIMS FOR RELIEF

## COUNT 1

## FEDERAL FALSE CLAIMS ACT

## 31 U.S.C. § 3729(A)(1)(A)

46.     Relator repeats and realleges and incorporates herein by reference the allegations

set forth in the preceding paragraphs as though fully set forth herein.

47.     By failing to properly report baseline data for Acthar Gel, including the correct

base AMP, Mallinckrodt has knowingly, in each and every quarter for Acthar Gel: (1) submitted

false, fraudulent, inaccurate and misleading information regarding Acthar Gel; (2) submitted

---

[1] For example, payment under Medicare Part B for a manufacturer's covered outpatient drugs, depends on the manufacturer entering into a Medicaid Drug Rebate Agreement; and, as part of their participation in the Medicaid Drug Rebate Program, drug manufacturers must also execute a master agreement with the Secretary of the VA for the Federal Supply Schedule. https://www.medicaid.gov/medicaid/prescription-drugs/medicaid-drug-rebate-program/index.html.

incorrect and insufficient data for CMS to properly calculate the rebate owed to the United States Government; and (3) substantially underpaid rebates owed to the United States Government.

48.     Defendant's long-standing and ongoing submission of false, fraudulent, inaccurate, and misleading information regarding Acthar Gel is continuing.

49.     This is a civil action brought by Relator, on behalf of the United States of America, against Mallinckrodt under the False Claims Act, 31 U.S.C. § 3730(b)(1), for treble damages and penalties under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, as amended.

50.     The FCA, 31 U.S.C. § 3729(a)(1)(A), creates liability for a person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." Mallinckrodt has violated this provision of the FCA.

51.     Pursuant to the FCA, Mallinckrodt is thus "liable to the United States Government for a civil penalty . . . , plus 3 times the amount of damages which the Government sustains because of the act of [Mallinckrodt]."  31 U.S.C. § 3729(a).

52.     Mallinckrodt's misconduct has harmed the United States, including through Mallinckrodt underpaying rebates by hundreds of millions of dollars.

## COUNT TWO

## FEDERAL FALSE CLAIMS ACT

### 31 U.S.C. § 3729(A)(1)(B)

53.     Relator repeats and realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

54.     This is a civil action brought by Relator, on behalf of the United States of America, against Mallinckrodt under the False Claims Act, 31 U.S.C. § 3730(b)(1), for treble damages and penalties under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, as amended.

55.     The FCA, 31 U.S.C. § 31 U.S.C. § 3729(a)(1)(B), creates liability for a person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." Mallinckrodt has violated this provision of the FCA.

56.     Pursuant to the FCA, Mallinckrodt is thus "liable to the United States Government for a civil penalty . . . , plus 3 times the amount of damages which the Government sustains because of the act of [Mallinckrodt]."  31 U.S.C. § 3729(a).

57.     Mallinckrodt's misconduct has harmed the United States, including through Mallinckrodt underpaying rebates by hundreds of millions of dollars.

**COUNT THREE**

**FEDERAL FALSE CLAIMS ACT**

**31 U.S.C. § 3729(A)(1)(G)**

58.     Relator repeats and realleges and incorporates herein by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

59.     This is a civil action brought by Relator, on behalf of the United States of America, against Mallinckrodt under the False Claims Act, 31 U.S.C. § 3730(b)(1), for treble damages and penalties under the False Claims Act, 31 U.S.C. §§ 3729, *et seq.*, as amended.

60.     The FCA, 31 U.S.C. § 3729(a)(1)(G), creates liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or conceals or knowingly and improperly avoids or decreases, an obligation to pay or transmit money or property to the Government."  Mallinckrodt has violated this provision of the FCA.

61.     Pursuant to the FCA, Mallinckrodt is thus "liable to the United States Government for a civil penalty . . . , plus 3 times the amount of damages which the Government sustains because of the act of [Mallinckrodt]."  31 U.S.C. § 3729(a).

62.     Mallinckrodt's misconduct has harmed the United States, including through Mallinckrodt underpaying rebates by hundreds of millions of dollars.

### COUNT FOUR

### VIOLATION OF THE STATE OF CALIFORNIA FALSE CLAIMS ACT, CAL. GOV'T CODE §§ 12650, *ET SEQ.*

63.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

64.     This is a civil action brought by Relator, on behalf of the State of California, against Mallinckrodt under the California False Claims Act, Cal. Gov. Code § 12652(c).

65.     The California FCA, Cal. Gov. Code § 12651(a)(1), creates liability for any person who "[k]nowingly presents or causes to be presented a false or fraudulent claim for payment or approval." Mallinckrodt has violated this provision of the California FCA.

66.     The California FCA, Cal. Gov. Code § 12651(a)(2), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim." Mallinckrodt has violated this provision of the California FCA.

67.     The California FCA, Cal. Gov. Code § 12651(a)(7), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used a false record or statement material to an obligation to pay or transmit money or property to the state or to any political subdivision, or knowingly conceals or knowingly and improperly avoids, or decreases an

obligation to pay or transmit money or property to the state or to any political subdivision." Mallinckrodt has violated this provision of the California FCA.

68.     Pursuant to the California FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Cal. Gov. Code § 12651(a)(1).

## COUNT FIVE

### VIOLATION OF THE STATE OF COLORADO MEDICAID FALSE CLAIMS ACT, COLO. REV. STAT. §§ 25.5-4-303.5, *ET SEQ.*

69.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

70.     This is a civil action brought by Relator, in the name of the State of Colorado, against Mallinckrodt pursuant to the State of Colorado Medicaid False Claims Act, Colo. Rev. Stat. § 25.5-4-306.

71.     The Colorado FCA, Colo. Rev. Stat. § 25.5-4- 305(1)(a), creates liability for any person who "[k]nowingly presents, or causes to be presented, to an officer or employee of the state a false or fraudulent claim for payment or approval."  Mallinckrodt has violated this provision of the Colorado FCA.

72.     The Colorado FCA, Colo. Rev. Stat. § 25.5-4- 305(1)(b), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim." Mallinckrodt has violated this provision of the Colorado FCA.

73.     The Colorado FCA, Colo. Rev. Stat. § 25.5-4- 305(1)(f), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state in connection with the

'Colorado Medical Assistance Act', or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state in connection with the 'Colorado Medical Assistance Act'." Mallinckrodt has violated this provision of the Colorado FCA.

74.     Pursuant to the Colorado FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Colo. Rev. Stat. § 25.5-4- 305(1).

## COUNT SIX

### VIOLATION OF THE STATE OF CONNECTICUT FALSE CLAIMS ACT, CONN. GEN. STAT. §§ 4-274, *ET SEQ.*

75.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

76.     This is a civil action brought by Relator, in the name of the State of Connecticut, against Mallinckrodt pursuant to the State of Connecticut False Claims Act, Conn. Gen. Stat. § 4-277.

77.     The Connecticut FCA, Conn. Gen. Stat. § 4-275(a)(1), provides that no person shall "[k]nowingly present, or cause to be presented, a false or fraudulent claim for payment or approval under a state-administered health or human services program." Mallinckrodt has violated this provision of the Connecticut FCA.

78.     The Connecticut FCA, Conn. Gen. Stat. § 4-275(a)(2), provides that no person shall "[k]nowingly make, use or cause to be made or used, a false record or statement material to a false or fraudulent claim under a state-administered health or human services program." Mallinckrodt has violated this provision of the Connecticut FCA.

79.     The Connecticut FCA, Conn. Gen. Stat. § 4-275(a)(7), provides that no person shall "[k]nowingly make, use or cause to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state under a state-administered health or human services program." Mallinckrodt has violated this provision of the Connecticut FCA.

80.     The Connecticut FCA, Conn. Gen. Stat. § 4-275(a)(8), provides that no person shall "[k]nowingly conceal or knowingly and improperly avoid or decrease an obligation to pay or transmit money or property to the state under a state-administered health or human services program." Mallinckrodt has violated this provision of the Connecticut FCA.

81.      Pursuant to the Connecticut FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Conn. Gen. Stat. § 4-275(b).

## COUNT SEVEN

## VIOLATION OF THE STATE OF DELAWARE FALSE CLAIMS AND REPORTING ACT, DEL. CODE ANN. Tit. 6 §§ 1201, *ET SEQ*.

82.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

83.     This is a civil action brought by Relator, on behalf of the Government of the State of Delaware, against Mallinckrodt under the State of Delaware's False Claims and Reporting Act, Del. Code Ann. Tit. 6, § 1203(b)(1).

84.     The Delaware FCA, Del. Code Ann. Tit. 6, §1201(a)(1), creates liability for any person who "[k]nowingly presents, or causes to be presented a false or fraudulent claim for payment or approval."  Mallinckrodt has violated this provision of the Delaware FCA.

85.     The Delaware FCA, Del. Code Ann. Tit. 6, §1201(a)(2), creates liability for any person who "[k]nowingly makes, uses or causes to be made or used a false record or statement

material to a false or fraudulent claim." Mallinckrodt has violated this provision of the Delaware FCA.

86.     The Delaware FCA, Del. Code Ann. Tit. 6, §1201(a)(7), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." Mallinckrodt has violated this provision of the Delaware FCA.

87.     Pursuant to the Delaware FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Del. Code Ann. tit. 6, §1201(a).

## COUNT EIGHT

### VIOLATION OF THE DISTRICT OF COLUMBIA FALSE CLAIMS ACT, D.C. CODE ANN. §§ 2.381.01, *ET SEQ.*

88.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

89.     This is a civil action brought by Relator, in the name of the District of Columbia, against Mallinckrodt under the District of Columbia False Claims Act, D.C. Code Ann. § 2-381.03(b)(1).

90.     The D.C. FCA, D.C. Code Ann. § 2-381.02(a)(1), creates liability for any person who "[k]nowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." Mallinckrodt has violated this provision of the D.C. FCA.

91.      The D.C. FCA, D.C. Code Ann. § 2-381.02(a)(2), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim."  Mallinckrodt has violated this provision of the D.C. FCA.

92.      The D.C. FCA, D.C. Code Ann. § 2-381.02(a)(6), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the District, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the District."  Mallinckrodt has violated this provision of the D.C. FCA.

93.      .Pursuant to the D.C. FCA, Mallinckrodt is thus liable to the District for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. D.C. Code Ann. § 2-381.02(a).

## COUNT NINE
## VIOLATION OF THE STATE OF FLORIDA FALSE CLAIMS ACT, FLA. STAT. §§ 68.081, *ET SEQ.*

94.      Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

95.      This is a civil action brought by Relator, on behalf of the State of Florida, against Mallinckrodt under the State of Florida's False Claims Act, Fla. Stat. § 68.083(2).

96.      The Florida FCA, Fla. Stat. § 68.082(2)(a), creates liability for any person who "[k]nowingly presents or causes to be presented a false or fraudulent claim for payment or approval."  Mallinckrodt has violated this provision of the Florida FCA.

97.      The Florida FCA, Fla. Stat. § 68.082(2)(b), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim."  Mallinckrodt has violated this provision of the Florida FCA.

98.     The Florida FCA, Fla. Stat. § 68.082(2)(g), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used a false record or statement material to an obligation to pay or transmit money or property to the state, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state."  Mallinckrodt has violated this provision of the Florida FCA.

99.     Pursuant to the Florida FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Fla. Stat. § 68.082(2).

## COUNT TEN

### VIOLATION OF STATE OF GEORGIA FALSE MEDICAID CLAIMS ACT, GA. CODE ANN. §§ 49-4-168, *ET SEQ.*

100.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

101.     This is a civil action brought by Relator, in the name of the State of Georgia, against Mallinckrodt pursuant to the State of Georgia False Medicaid Claims Act, Ga. Code Ann. § 49-4-168.2(b).

102.     The Georgia FCA, Ga. Code Ann. § 49-4-168.1(a)(1), creates liability for any person who "[k]nowingly presents or causes to be presented to the Georgia Medicaid program a false or fraudulent claim for payment or approval." Mallinckrodt has violated this provision of the Georgia FCA.

103.     The Georgia FCA, Ga. Code Ann. § 49-4-168.1(a)(2), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim." Mallinckrodt has violated this provision of the Georgia FCA.

104.     The Georgia FCA, Ga. Code Ann. § 49-4-168.1(a)(7), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used a false record or statement material to an obligation to pay or transmit property or money to the Georgia Medicaid program, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit property or money to the Georgia Medicaid program." Mallinckrodt has violated this provision of the Georgia FCA.

105.     Pursuant to the Georgia FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Ga. Code Ann. § 49-4-168.1(a).

## COUNT ELEVEN

## VIOLATION OF THE STATE OF HAWAII FALSE CLAIMS ACT, HAW. REV. STAT. §§ 661-21, *ET SEQ.*

106.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

107.     This is a civil action brought by Relator, on behalf of the State of Hawaii and its political subdivisions, against Mallinckrodt under the Hawaii False Claims Act, Haw. Rev. Stat. § 661-25(a).

108.     The Hawaii FCA, Haw. Rev. Stat. § 661-21(a)(l), creates liability for any person who "[k]nowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." Mallinckrodt has violated this provision of the Hawaii FCA.

109.     The Hawaii FCA, Haw. Rev. Stat. § 661-21(a)(2), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." Mallinckrodt has violated this provision of the Hawaii FCA.

110.    The Hawaii FCA, Haw. Rev. Stat. § 661-21(a)(6), creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State, or knowingly conceals, or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State." Mallinckrodt has violated this provision of the Hawaii FCA.

111.    Pursuant to the Hawaii FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Haw. Rev. Stat. § 661-21(a).

**COUNT TWELVE**

**VIOLATION OF THE STATE OF ILLINOIS FALSE CLAIMS ACT, 740 ILL. COMP. STAT. §§ 175/1, *ET SEQ.***

112.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

113.    This is a civil action brought by Relator, on behalf of the State of Illinois, against Mallinckrodt under the Illinois False Claims Act, 740 Ill. Comp. Stat. § 175/4(b).

114.    The Illinois FCA, 740 Ill. Comp. Stat. § 175/3(a)(1)(A), creates liability for any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." Mallinckrodt has violated this provision of the Illinois FCA.

115.    The Illinois FCA, 740 Ill. Comp. Stat. § 175/3(a)(1)(B), creates liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." Mallinckrodt has violated this provision of the Illinois FCA.

116.    The Illinois FCA, 740 Ill. Comp. Stat. § 175/3(a)(1)(G), creates liability for any person who "knowingly makes, uses, or causes to be made or used, a false record or statement

material to an obligation to pay or transmit money or property to the State, or knowingly

conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit

money or property to the State." Mallinckrodt has violated this provision of the Illinois FCA.

117.    Pursuant to the Illinois FCA, Mallinckrodt is thus liable to the State for statutorily

defined damages sustained because of the acts of Mallinckrodt and civil penalties. 740 Ill. Comp.

Stat. § 175/3(a).

## COUNT THIRTEEN

### VIOLATION OF THE STATE OF INDIANA MEDICAID FALSE CLAIMS AND WHISTLEBLOWER PROTECTION ACT, IND. CODE §§ 5-11-5.7, *ET SEQ*.

118.    Relator incorporates by reference the preceding paragraphs as though fully set

forth herein.

119.    This is a civil action brought by Relator, on behalf of the State of Indiana, against

Mallinckrodt under the State of Indiana False Claims and Whistleblower Protection Act, Ind.

Code § 5-11-5.7-4(a).

120.    The Indiana FCA, Ind. Code § 5-11-5.7-2(a)(l), creates liability for any person

who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or

approval." Mallinckrodt has violated this provision of the Indiana FCA.

121.    The Indiana FCA, Ind. Code § 5-11-5.7-2(a)(2), creates liability for any person

who "knowingly makes, uses, or causes to be made or used, a false record or statement that is

material to a false or fraudulent claim." Mallinckrodt has violated this provision of the Indiana

FCA.

122.    The Indiana FCA, Ind. Code § 5-11-5.7-2(a)(6)(A)-(B), creates liability for any

person who "(A) makes, uses, or causes to be made or used, a false record or statement

concerning an obligation to pay or transmit money or property to the state; or (B) conceals or

knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state." Mallinckrodt has violated this provision of the Indiana FCA.

123.     Pursuant to the Indiana FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Ind. Code § 5-11-5.5-2(b).

## COUNT FOURTEEN

## VIOLATION OF THE STATE OF IOWA FALSE CLAIMS ACT, IOWA CODE §§ 685.1, *ET SEQ.*

124.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

125.     This is a civil action brought by Relator, on behalf of the State of Iowa, against Mallinckrodt under the State of Iowa False Claims Act, Iowa Code § 685.3(2).a.

126.     The Iowa FCA, Iowa Code § 685.2(1).a, creates liability for any person who "[k]nowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." Mallinckrodt has violated this provision of the Iowa FCA.

127.     The Iowa FCA, Iowa Code § 685.2(1).b, creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." Mallinckrodt has violated this provision of the Iowa FCA.

128.     The Iowa FCA, Iowa Code § 685.2(1).g, creates liability for any person who "[k]nowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state." Mallinckrodt has violated this provision of the Iowa FCA.

129.     Pursuant to the Iowa FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Iowa Code § 685.2(1).

**COUNT FIFTEEN**

**VIOLATION OF THE STATE OF LOUISIANA MEDICAL ASSISTANCE PROGRAMS INTEGRITY LAW, LA. REV. STAT. ANN. §§ 46:437.1, *ET SEQ.***

130.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

131.     This is a civil action brought by Relator, on behalf of the State of Louisiana's medical assistance programs, against Mallinckrodt under the State of Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Ann. § 46:439.1.A.

132.     The Louisiana FCA, La. Rev. Stat. Ann. § 46:438.3.A, provides that "[n]o person shall knowingly present or cause to be presented a false or fraudulent claim." Mallinckrodt has violated this provision of the Louisiana FCA.

133.     The Louisiana FCA, La. Rev. Stat. Ann. § 46:438.3.B, provides that "[n]o person shall knowingly engage in misrepresentation or make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim." Mallinckrodt has violated this provision of the Louisiana FCA.

134.     The Louisiana FCA, La. Rev. Stat. Ann. § 46:438.3.C, provides that "[n]o person shall knowingly make, use, or cause to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the medical assistance programs, or to knowingly conceal, avoid, or decrease an obligation to pay or transmit money or property to the medical assistance programs." Mallinckrodt has violated this provision of the Louisiana FCA.

135.    Pursuant to the Louisiana FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. La. Rev. Stat. Ann. § 46:438.6.

## COUNT SIXTEEN

### VIOLATION OF THE STATE OF MARYLAND FALSE HEALTH CLAIMS ACT, MD. CODE ANN. HEALTH-GEN. §§ 2-601, *ET SEQ*.

136.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

137.    This is a civil action brought by Relator, on behalf of the State of Maryland, against Mallinckrodt under the State of Maryland False Health Claims Act, Md. Code Ann. Health-Gen. § 2-604(a)(1).

138.    The Maryland FCA, Md. Code Ann. Health-Gen. § 2-602(a)(1), provides that a person may not "[k]nowingly present or cause to be presented a false or fraudulent claim for payment or approval." Mallinckrodt has violated this provision of the Maryland FCA.

139.    The Maryland FCA, Md. Code Ann. Health-Gen. § 2-602(a)(2), provides that a person may not "[k]nowingly make, use, or cause to be made or used a false record or statement material to a false or fraudulent claim." Mallinckrodt has violated this provision of the Maryland FCA.

140.    The Maryland FCA, Md. Code Ann. Health-Gen. § 2-602(a)(7), provides that a person may not "[k]nowingly make, use, or cause to be made or used, a false record or statement material to an obligation to pay or transmit money or other property to the State." Mallinckrodt has violated this provision of the Maryland FCA.

141.    The Maryland FCA, Md. Code Ann. Health-Gen. § 2-602(a)(8), provides that a person may not "[k]nowingly conceal, or knowingly and improperly avoid or decrease, an

obligation to pay or transmit money or other property to the State." Mallinckrodt has violated this provision of the Maryland FCA.

142.     The Maryland FCA, Md. Code Ann. Health-Gen. § 2-602(a)(9), provides that a person may not "[k]nowingly make any other false or fraudulent claim against a State health plan or a State health program." Mallinckrodt has violated this provision of the Maryland FCA.

143.     Pursuant to the Maryland FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Md. Code Ann. Health-Gen. § 2-602(b).

## COUNT SEVENTEEN

### VIOLATION OF THE COMMONWEALTH OF MASSACHUSETTS FALSE CLAIMS ACT, MASS. ANN. LAWS ch. 12, §§ 5A, *ET SEQ.*

144.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

145.     This is a civil action brought by Relator, on behalf of the Commonwealth of Massachusetts, against Mallinckrodt under the Massachusetts False Claims Act, Mass. Ann. Laws, ch. 12, § 5C(2).

146.     The Massachusetts FCA, Mass. Ann. Laws, ch. 12, § 5B(1), creates liability for any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval." Mallinckrodt has violated this provision of the Massachusetts FCA.

147.     The Massachusetts FCA, Mass. Ann. Laws, ch. 12, § 5B(2), creates liability for any person who "knowingly makes, uses or causes to be made or used a false record or statement material to a false or fraudulent claim." Mallinckrodt has violated this provision of the Massachusetts FCA.

148.     The Massachusetts FCA, Mass. Ann. Laws, ch. 12, § 5B(9), creates liability for

any person who "knowingly makes, uses or causes to be made or used a false record or statement

material to an obligation to pay or to transmit money or property to the commonwealth or a

political subdivision thereof, or knowingly conceals or knowingly and improperly avoids or

decreases an obligation to pay or transmit money or property to the commonwealth or a political

subdivision thereof." Mallinckrodt has violated this provision of the Massachusetts FCA.

149.     Pursuant to the Massachusetts FCA, Mallinckrodt is thus liable to the State for

statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties.

Mass. Ann. Laws, ch. 12, § 5B(a).

## COUNT EIGHTEEN

### VIOLATION OF THE STATE OF MICHIGAN MEDICAID FALSE CLAIMS ACT, MICH. COMP. LAWS SERV. §§ 400.601, *ET SEQ.*

150.     Relator incorporates by reference the preceding paragraphs as though fully set

forth herein.

151.     This is a civil action brought by Relator, in the name of the State of Michigan,

against Mallinckrodt under the State of Michigan Medicaid False Claims Act, MICH. COMP.

LAWS SERV. § 400.610a(l).

152.     The Michigan FCA, Mich. Comp. Laws. Serv. § 400.603(1)-(3), provides that:

"(1) A person shall not knowingly make or cause to be made a false statement or false representation of a material fact in an application for medicaid benefits.

(2) A person shall not knowingly make or cause to be made a false statement or false representation of a material fact for use in determining rights to a medicaid benefit.

(3) A person, who having knowledge of the occurrence of an event affecting his initial or continued right to receive a medicaid benefit or the initial or continued right of any other person on whose behalf he has applied for or is receiving a benefit, shall not conceal or fail to disclose that event with intent to obtain a benefit to which the person or any other person is not entitled or in an amount greater than that to which the person or any other person is entitled."

Mallinckrodt has violated each of these provisions of the Michigan FCA.

153.    The Michigan FCA, Mich. Comp. Laws. Serv. § 400.607(1), provides that "[a] person shall not make or present or cause to be made or presented to an employee or officer of this state a claim under the social welfare act, 1939 PA 280, MCL 400.1 to 400.119b, upon or against the state, knowing the claim to be false." Mallinckrodt has violated this provision of the Michigan FCA.

154.    The Michigan FCA, Mich. Comp. Laws. Serv. § 400.607(3), provides that "[a] person shall not knowingly make, use, or cause to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state pertaining to a claim presented under the social welfare act." Mallinckrodt has violated this provision of the Michigan FCA.

155.    Pursuant to the Michigan FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Mich. Comp. Laws. Serv. § 400.612.

## COUNT NINETEEN

### VIOLATION OF THE STATE OF MINNESOTA FALSE CLAIMS ACT, MINN. STAT. §§ 15C.01, *ET SEQ*.

156.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

157.    This is a civil action brought by Relator, on behalf of the State of Minnesota and its political subdivisions, against Mallinckrodt under the State of Minnesota False Claims Act, Minn. Stat. § 15C.05(a).

158.    The Minnesota FCA, Minn. Stat. § 15C.02(a), creates liability for any person who*, inter alia*:

"(1) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;

(2) knowingly makes or uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; … or

(7) knowingly makes or uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or a political subdivision, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state or a political subdivision."

Mallinckrodt has violated these provisions of the Minnesota FCA.

159.    Pursuant to the Minnesota FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Minn. Stat. § 15C.02(a).

## COUNT TWENTY

### VIOLATION OF STATE OF MONTANA FALSE CLAIMS ACT, MONT. CODE ANN. §§ 17-8-401, *ET SEQ.*

160.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

161.    This is a civil action brought by Relator, on behalf of the State of Montana, against Mallinckrodt under the State of Montana False Claims Act, Mont. Code Ann. § 17- 8- 406(1).

162.    The Montana FCA, Mont. Code Ann. § 17- 8-403(1), creates liability for any person who, *inter alia*:

"(a) knowingly presents or causes to be presented a false or fraudulent claim for payment or approval;

(b) knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim; …

(g) knowingly makes, uses, or causes to be made or used a false record or statement material to an obligation to pay or transmit money or property to a governmental entity or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to a governmental entity."

Mallinckrodt has violated each of these provisions of the Montana FCA.

163.    Pursuant to the Montana FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Mont. Code Ann. § 17- 8-403(2).

## COUNT TWENTY-ONE

### VIOLATION OF THE STATE OF NEVADA SUBMISSION OF FALSE CLAIMS TO STATE OR LOCAL GOVERNMENT ACT, NEV. REV. STAT. §§ 357.010, *ET SEQ.*

164.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

165.    This is a civil action brought by Relator, on behalf of the State of Nevada, against Mallinckrodt under the State of Nevada Submission of False Claims to State or Local Government Act, Nev. Rev. Stat. § 357.080(1).

166.    The Nevada FCA, Nev. Rev. Stat. § 357.040(l), creates liability for any person who, *inter alia*:

"(a)  Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.

(b)  Knowingly makes or uses, or causes to be made or used, a false record or statement that is material to a false or fraudulent claim…

(f)  Knowingly makes or uses, or causes to be made or used, a false record or statement that is material to an obligation to pay or transmit money or property to the State or a political subdivision.

(g)  Knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State or a political subdivision… ."

Mallinckrodt has violated each of these provisions of the Nevada FCA.

167.    Pursuant to the Nevada FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Nev. Rev. Stat. § 357.040(2).

## COUNT TWENTY-TWO
## VIOLATION OF STATE OF NEW JERSEY FALSE CLAIMS ACT, N.J. STAT. ANN. §§ 2A:32C-1, *ET SEQ.*

168.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

169.    This is a civil action brought by Relator, in the name of the State of New Jersey, against Mallinckrodt pursuant to the State of New Jersey False Claims Act, N.J. Stat. Ann. § 2A:32C-5.b.

170.    The New Jersey FCA, N.J. Stat. Ann. § 2A:32C-3,  creates liability for any person who, *inter alia*:

"a. Knowingly presents or causes to be presented to an employee, officer or agent of the State, or to any contractor, grantee, or other recipient of State funds, a false or fraudulent claim for payment or approval;

b. Knowingly makes, uses, or causes to be made or used a false record or statement to get a false or fraudulent claim paid or approved by the State; … or

g. Knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the State."

Mallinckrodt has violated each of these provisions of the New Jersey FCA.

171.    Pursuant to the New Jersey FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. N.J. Stat. Ann. § 2A:32C-3.

## COUNT TWENTY-THREE

## VIOLATION OF STATE OF NEW MEXICO MEDICAID FALSE CLAIMS ACT, N.M. STAT. ANN. §§ 27-14-1, *ET SEQ.*

172.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

173.    This is a civil action brought by Relator, on behalf of the State of New Mexico, against Mallinckrodt under the State of New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-7.B.

174.    The New Mexico FCA, N.M. Stat. Ann. § 27-14-4, creates liability for any person who, *inter alia*:

> "A. presents, or causes to be presented, to the state a claim for payment under the medicaid program knowing that such claim is false or fraudulent;
>
> B. presents, or causes to be presented, to the state a claim for payment under the medicaid program knowing that the person receiving a medicaid benefit or payment is not authorized or is not eligible for a benefit under the medicaid program;
>
> C. makes, uses or causes to be made or used a record or statement to obtain a false or fraudulent claim under the medicaid program paid for or approved by the state knowing such record or statement is false; …
>
> E. makes, uses or causes to be made or used a record or statement to conceal, avoid or decrease an obligation to pay or transmit money or property to the state, relative to the medicaid program, knowing that such record or statement is false."

Mallinckrodt has violated each of these provisions of the New Mexico FCA.

175.    Pursuant to the New Mexico FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and such other relief as authorized. N.M. Stat. Ann. § 27-14-4.

## COUNT TWENTY-FOUR

## VIOLATION OF THE STATE OF NEW YORK FALSE CLAIMS ACT, N.Y. FIN. LAW §§ 187, *ET SEQ.*

176.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

177.    This is a civil action brought by Relator, on behalf of the State of New York, against Mallinckrodt under the State of New York False Claims Act, N.Y. Fin. Law § 190(2).

178.    The New York FCA, N.Y. Fin. Law § 189(1), creates liability for any person who, *inter alia*:

> "(a) knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval;
>
> (b) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; …
>
>
> (g) knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state or a local government; or
>
> (h) knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state or a local government, or conspires to do the same"

Mallinckrodt has violated each of these provisions of the New York FCA.

179.    Pursuant to the New York FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. N.Y. Fin. Law § 189(1).

## COUNT TWENTY-FIVE

### VIOLATION OF STATE OF NORTH CAROLINA FALSE CLAIMS ACT, N.C. GEN. STAT. §§ 1-605, *ET SEQ.*

180.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

181.    This is a civil action brought by Relator, on behalf of the State of North Carolina, against Mallinckrodt under the State of North Carolina False Claims Act, N.C. Gen. Stat. § 1-608(b).

182.    The North Carolina FCA, N.C. Gen. Stat. § 1-607(a), creates liability for any person who, *inter alia*:

> "(1) Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.
>
> (2) Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim…
>
>  (7) Knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the State, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the State."

Mallinckrodt has violated each of these provisions of the North Carolina FCA.

183.    Pursuant to the North Carolina FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. N.C. Gen. Stat. § 1-607(a).

## COUNT TWENTY-SIX

### VIOLATION OF STATE OF OKLAHOMA MEDICAID FALSE CLAIMS ACT, OKLA. STAT. §§ 63-5053 (2007), *ET SEQ.*

184.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

185.     This is a civil action brought by Relator, in the name of the State of Oklahoma, against Mallinckrodt pursuant to the State of Oklahoma Medicaid False Claims Act, Okla. Stat § 63-5053.2(B).

186.     The Oklahoma FCA, Okla. Stat § 63-053.1(B), creates liability for any person who, *inter alia*:

> "1. Knowingly presents, or causes to be presented, to an officer or employee of the State of Oklahoma, a false or fraudulent claim for payment or approval;
>
> 2. Knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the state; …
>
> 7. Knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state."

Mallinckrodt has violated each of these provisions of the Oklahoma FCA.

187.     Pursuant to the Oklahoma FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Okla. Stat § 63-053.1(B).

## COUNT TWENTY-SEVEN

## VIOLATION OF STATE OF RHODE ISLAND FALSE CLAIMS ACT, R.I. GEN. LAWS §§ 9-1.1-1, *ET SEQ*.

188.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

189.     This is a civil action brought by Relator, in the name of the State of Rhode Island, against Mallinckrodt pursuant to the State of Rhode Island False Claims Act, R.I. Gen. Laws § 9-1.1-4(b).

190.     The Rhode Island FCA, R.I. Gen. Laws § 9-1.1-3(a), creates liability for any person who, *inter alia*:

"(1) Knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval;

(2) Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; … or

(7) Knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the state, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the state."

Mallinckrodt has violated each of these provisions of the Rhode Island FCA.

191.    Pursuant to the Rhode Island FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. R.I. Gen. Laws § 9-1.1-3(a).

## COUNT TWENTY-EIGHT

## VIOLATION OF THE STATE OF TENNESSEE MEDICAID FALSE CLAIMS ACT, TENN. CODE ANN. §§ 71-5-181, *ET SEQ.*

192.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

193.    This is a civil action brought by Relator, in the name of the State of Tennessee, against Mallinckrodt under the Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-183(b)(1) ("Tennessee FCA").

194.    The Tennessee FCA, Tenn. Code Ann. § 71-5-182(a)(l), creates liability for any person who, *inter alia*:

"(A) Knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval under the medicaid program;

(B) Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim under the medicaid program; … or

(D) Knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money, or property to the state, or knowingly

conceals, or knowingly and improperly, avoids, or decreases an obligation to pay or transmit money or property to the state, relative to the medicaid program."

Mallinckrodt has violated each of these provisions of the Tennessee FCA.

195.    Pursuant to the Tennessee FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Tenn. Code Ann. § 71-5-182(a).

## COUNT TWENTY-NINE

## VIOLATION OF THE STATE OF TEXAS MEDICAID FRAUD PREVENTION ACT, TEX. HUM. RES. CODE §§ 36.001, *ET SEQ*.

196.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

197.    This is a civil action brought by Relator, in the name of the State of Texas, against Mallinckrodt under the State of Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code § 36.101(a).

198.    The Texas FCA, Tex. Hum. Res. Code § 36.002, creates liability for any person who, *inter alia*:

"(1) knowingly makes or causes to be made a false statement or misrepresentation of a material fact to permit a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;

(2) knowingly conceals or fails to disclose information that permits a person to receive a benefit or payment under the Medicaid program that is not authorized or that is greater than the benefit or payment that is authorized;

(3) knowingly applies for and receives a benefit or payment on behalf of another person under the Medicaid program and converts any part of the benefit or payment to a use other than for the benefit of the person on whose behalf it was received…

 (12) knowingly makes, uses, or causes the making or use of a false record or statement material to an obligation to pay or transmit money or property to this state under the Medicaid program, or knowingly conceals or knowingly and improperly avoids or

decreases an obligation to pay or transmit money or property to this state under the Medicaid program; or

(13) knowingly engages in conduct that constitutes a violation under Section 32.039(b)."

Mallinckrodt has violated each of these provisions of the Texas FCA.

199.    Pursuant to the Texas FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Tex. Hum. Res. Code § 36.052.

## COUNT THIRTY
## VIOLATION OF THE STATE OF VERMONT FALSE CLAIMS ACT, 32 V.S.A. CHAPTER 7, SUBCHAPTER 8, *ET SEQ.*

200.    Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

201.    This is a civil action brought by Relator, in the name of the State of Vermont, against Mallinckrodt under the State of Vermont False Claims Act, 32 V.S.A. Chapter 7, Subchapter 8, §  632(b).

202.    The Vermont FCA, 32 V.S.A. Chapter 7, Subchapter 8, § 631, provides that no person shall, *inter alia*:

"(1) knowingly present, or cause to be presented, a false or fraudulent claim for payment or approval;

(2) knowingly make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim …

(8) enter into a written agreement or contract with an official of the State or its agent knowing the information contained therein is false; …

 (10) knowingly conceal or knowingly and improperly avoid or decrease an obligation to pay or transmit money or property to the State… ."

Mallinckrodt has violated each of these provisions of the Vermont FCA.

203.    Pursuant to the Vermont FCA, Mallinckrodt is thus liable to the State for

statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. 32

V.S.A. Chapter 7, Subchapter 8, § 631(b).

## COUNT THIRTY-ONE

### VIOLATION OF THE COMMONWEALTH OF VIRGINIA FRAUD AGAINST TAXPAYERS ACT, VA. CODE ANN. §§ 8.01-216.1, *ET SEQ.*

204.    Relator incorporates by reference the preceding paragraphs as though fully set

forth herein.

205.    This is a civil action brought by Relator, on behalf of the Commonwealth of

Virginia, against Mallinckrodt under the Commonwealth of Virginia Fraud Against Taxpayers

Act, Va. Code Ann. § 8.01-216.5(A).

206.    The Virginia FCA, Va. Code Ann. § 8.01-216.3(A), creates liability for any

person who, *inter alia*:

> "1. Knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> 2. Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; … or
>
> 7. Knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Commonwealth or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Commonwealth."

Mallinckrodt has violated each of these provisions of the Virginia FCA.

207.    Pursuant to the Virginia FCA, Mallinckrodt is thus liable to the State for

statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Va.

Code Ann. § 8.01-216.3(A).

## COUNT THIRTY-TWO

## VIOLATION OF THE WASHINGTON STATE MEDICAID FRAUD FALSE CLAIMS ACT, WASH. REV. CODE §§ 74.66.005, *ET SEQ.*

208.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

209.     This is a civil action brought by Relator, on behalf of the State of Washington, against Mallinckrodt under the Washington State Medicaid Fraud False Claims Act, Wash. Rev. Code § 74.66.050(1).

210.     The Washington FCA, Wash. Rev. Code § 74.66.020(1), creates liability for any person who, *inter alia*:

> "(a) Knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> (b) Knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; …
>
> (g) Knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the government entity, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the government entity."

Mallinckrodt has violated each of these provisions of the Washington FCA.

211.     Pursuant to the Washington FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Wash. Rev. Code § 74.66.020(1).

## COUNT THIRTY-THREE
## VIOLATION OF THE STATE OF WISCONSIN FALSE CLAIMS FOR MEDICAL ASSISTANCE ACT, WIS. STAT. §§ 20.931, *ET SEQ.*

212.     Relator incorporates by reference the preceding paragraphs as though fully set forth herein.

213.     This is a civil action brought by Relator, on behalf of the State of Wisconsin, against Mallinckrodt under the State of Wisconsin False Claims for Medical Assistance Act, Wis. Stat. § 20.931(5)(a), for acts occurring prior to the non-retroactive repeal of that law effective July 14, 2015.

214.     The Wisconsin FCA, Wis. Stat. § 20.931(2), creates liability for any person who, *inter alia*:

> "(a) Knowingly presents or causes to be presented to any officer, employee, or agent of this state a false claim for medical assistance.

> (b) Knowingly makes, uses, or causes to be made or used a false record or statement to obtain approval or payment of a false claim for medical assistance. ..

> (g) Knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease any obligation to pay or transmit money or property to the Medical Assistance program."

Mallinckrodt has violated each of these provisions of the Wisconsin FCA, with respect to conduct and claims prior to July 14, 2015.

215.     Pursuant to the Wisconsin FCA, Mallinckrodt is thus liable to the State for statutorily defined damages sustained because of the acts of Mallinckrodt and civil penalties. Wis. Stat. § 20.931(2).


## PRAYERS FOR RELIEF

WHEREFORE, Relator prays for judgment against Defendant Mallinckrodt as follows:

A.     That Defendant be enjoined from using incorrect baseline data (including incorrect base AMP) and underreporting and underpaying the rebates due to the government for the drug Acthar Gel in connection with the Medicaid Drug Rebate Program;

B.      That judgment be entered against Defendant and in favor of the United States and the Relator in an amount equal to three times the amount of damages caused by Defendant's misconduct, as well as a civil penalty for each FCA violation in the maximum statutory amount;

C.      That judgment be entered against Defendant and in favor of the *Qui Tam* States and the Relator in the amount of the damages sustained by the *Qui Tam* States multiplied as provided for in the State FCAs, plus civil penalties in the maximum statutory amount provided by the State FCAs;

D.      That Defendant be ordered to disgorge all sums by which it has been enriched unjustly by its wrongful conduct;

E.      That judgment be granted for Relator against Defendant for all costs, including, but not limited to, court costs, litigation costs, expert fees, and all attorneys' fees permitted under the Federal FCA, 31 U.S.C. § 3730(d), and comparable provisions of the State FCAs;

F.      That Relator be awarded the maximum amount permitted under the Federal FCA, 31 U.S.C. § 3730(d), and comparable provisions of the State FCAs; and

G.      That the Court award such other relief as the Court deems proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff-Relator requests a jury trial.

September 20, 2018

                                  Respectfully submitted,

                                   */s/ Suzanne E. Durrell*
                                  Suzanne E. Durrell (BBO #139280)
                                  Email: suzanne@thomasdurrell.com
                                  Robert M. Thomas, Jr. (BBO #645600)
                                  Email: bob@thomasdurrell.com
                                  Linda C. Severin (BBO #674535)
                                  Email: linda@thomasdurrell.com
                                  WHISTLEBLOWER LAW COLLABORATIVE LLC
                                  20 Park Plaza, Suite 438
                                  Boston, MA  02116-4334
                                  Tel: (617) 366-2800
                                  Fax: (888) 676-7420

                                  *Counsel for Plaintiff-Relator*